UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE K., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF SONOMA, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-01202-AMO<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO SUBSTITUTE PARTIES**<br><br>Re: Dkt. No. 98 |

　　　Before the Court is Plaintiffs' motion to substitute parties. Having read Plaintiffs' motion and carefully considered their arguments and the relevant legal authority, the Court hereby **DENIES** the motion without prejudice for the following reasons.

　　　On September 15, 2023, Plaintiffs P.K. and Michelle K., through their guardian ad litem, and Plaintiff Kristin K, through counsel, filed an ex parte motion notifying the Court that Defendants Bob Harper and Jacqueline Johnson were deceased, and requesting to substitute "The Estate of Bob Harper" and "The Estate of Jacqueline Johnson" as defendants. ECF 98.[1]

　　　Federal Rule of Civil Procedure 25 addresses the death of a party. "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). "In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely, (2) the

---

[1] The Court construes the instant motion as an administrative motion under Civil Local Rule 7-11. If Plaintiffs would like to file an ex parte motion, they must comply with Civil Local Rule 7-10 and indicate what statute, rule, or order authorizes ex parte filing.

claims pled are extinguished; and (3) the person being substituted is a proper party." *Veliz v. Cintas Corp.*, No. C 03-1180 RS, 2008 WL 2811171, at *1 (N.D. Cal. July 17, 2008) (footnote omitted); *see also Ahlstrom v. DHI Mortg. Co., Ltd., L.P.*, No. 19-CV-03435-BLF, 2023 WL 309399, at *1 (N.D. Cal. Jan. 18, 2023) (same). "If Rule 25(a)(1) is met, '[t]he substituted party steps into the same position as [the] original party.'" *Veliz*, 2008 WL 2811171 at *1 (quoting *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996)).

Here, the Court finds that the motion does not satisfy the requirements of Rule 25(a). First, Plaintiffs have failed to demonstrate that the claims are not extinguished. The instant motion makes no argument to that end, nor does it provide any case law in support. Second, Plaintiffs have not shown that the Estates are proper parties. Rule 25(a) defines the "proper party" as either "the decedent's successor or representative." Fed. R. Civ. P. 25(a); *Ahlstrom*, 2023 WL 309399, at *2. The Court looks to California law to determine a "proper party" for Rule 25(a) purposes. *See Ahlstrom*, 2023 WL 309399, at *2. California law defines "personal representative" as an "executor, administrator . . . successor personal representative . . . or a person who performs substantially the same function under the law of another jurisdiction. . . ." Cal. Prob. Code § 58(a). "'[D]ecedent's successor in interest' means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Code Civ. Proc. § 377.11. A "beneficiary of the decedent's estate" means a beneficiary named in a decedent's will or a beneficiary under California's rules of intestacy. Cal. Civ. Proc. Code § 377.10. Under California Probate Code § 550, "an action to establish the decedent's liability for which the decedent was protected by insurance may be commenced or continued against the decedent's estate without the need to join as a party the decedent's personal representative or successor in interest." Cal. Prob Code § 550(a) (2022).

Plaintiffs have failed to demonstrate that the Estates are proper parties to be substituted pursuant to California Probate Code Section 550. Plaintiffs allege that the claims against the deceased defendants are based on acts which they performed in the course and scope of their employment with the County of Sonoma such that they "would be protected by the same insurance or self-insurance which is protecting the County and the other social worker defendants. ECF 98-

1 at 3. However, Plaintiffs fail to provide any evidence, declaration or otherwise, supporting that contention. Accordingly, the Court may not properly substitute the Estates at this time.

Because Plaintiffs have failed to demonstrate that the claims are not extinguished and that the Estates are proper parties to be substituted, the Court **DENIES** the motion without prejudice. Plaintiffs may re-submit a motion to substitute parties in compliance with Federal Rule of Civil Procedure 25(a).

**IT IS SO ORDERED.**

Dated: September 18, 2023

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**