UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE K., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF SONOMA, et al.,<br><br>    Defendants. | Case No. 22-cv-01202-AMO<br><br>**ORDER RE TERESA HARPER'S MOTION TO DISMISS OR QUASH THE FOURTH AMENDED COMPLAINT**<br><br>Re: Dkt. No. 284 |

Before the Court is the motion to dismiss or quash service of the fourth amended complaint on Teresa Harper. The motion is fully briefed and was heard before this Court on March 13, 2025. This Order assumes familiarity with the facts of the case, the parties' arguments, and the relevant legal standards. Having carefully considered the parties' papers and arguments made at the hearing, as well as the relevant legal authority, the Court hereby **GRANTS** the motion to quash and **GRANTS** the motion to dismiss for the following reasons.

## I.  BACKGROUND

On October 31, 2024, Plaintiffs filed the operative fourth amended complaint against all Defendants. ECF 255. Plaintiffs allege Defendant Bob Harper was an employee of Sonoma County's Family, Youth, and Children's Services Division who failed to take action despite being made aware the Centenos were not properly caring for Plaintiffs. Fourth Amended Complaint (ECF 255) ¶¶ 9, 48, 54. The operative complaint alleges Bob Harper is deceased, and names as a defendant "The Estate of Bob Harper, Deceased." *Id.* ¶ 9.

On December 6, 2024, Defendants County of Sonoma and the individual social workers[1] filed a motion to dismiss the operative complaint, ECF 270, as did Defendant Amy Lafferty, ECF

---

[1] The social workers are Josephine McCay, Frederick Jones, Monisha Sashital, Linda Morrissey, Leslie Winters, Janet Taylor, De La Cruz, Andrea Kroeze, Deborah Gilday, and D. Romero.

1  271. Plaintiffs served the complaint on Teresa Harper, Bob Harper's surviving spouse, on
2  December 19, 2024. ECF 277. The proof of service indicates the complaint was served on
3  "Teresa Harper (successor-in-interest to the Estate of Bob Harper, Deceased)." ECF 277. On
4  January 7, 2025, Teresa Harper filed the instant motion to dismiss or quash. ECF 284.

## II.  DISCUSSION

Teresa Harper argues that she is not the appointed representative of Bob Harper's estate, nor is she alleged to be, and consequently she cannot be served on the estate's behalf. ECF 284. Accordingly, she argues service of the complaint was ineffectual and moves the Court to quash service of the summons and complaint.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). While district courts should interpret Rule 4 flexibly, they also have discretion to dismiss an action for failure to effect service or to quash the defective service and permit re-service. *See Jones v. Automobile Club of Southern California*, 26 Fed. App'x. 740, 742 (9th Cir. 2022). A Rule 12(b)(5) motion is the proper vehicle for challenging the "insufficiency of service of process." *See* Fed. R. Civ. P. 12(b)(5). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004) (citing Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1083 (3d ed. 2002 & Supp. 2003)).

Teresa Harper argues Plaintiffs have not properly effectuated service, but could have done so by (1) initiating a creditor claim so that a court would appoint a personal representative whom Plaintiffs could then serve, or (2) serving the relevant insurance company or a representative designated by the company. First, California Code of Civil Procedure §§ 337.40-377.42 provides that "[s]ubject to Part 4 (commencing with Section 9000) of Division 7 of the Probate Code governing creditor claims, a cause of action against a decedent that survives may be asserted against the decedent's personal representative[2] or, to the extent provided by statute, against the

---

[2] "Personal representative" means executor, administrator, administrator with the will annexed, special administrator, successor personal representative, public administrator acting pursuant to

2

decedent's successor in interest."[3] Upon the initiation of a creditor's claim, the court appoints a personal representative, who may then be served on behalf of the deceased's estate. Cal. Prob. Code. § 8460. While a surviving spouse has first entitlement to appointment as a personal representative, Cal. Prob. Code § 8461, they are not automatically made one upon their spouse's death, but must be appointed by a court.

Second, under California Probate Code § 550, "an action to establish the decedent's liability for which the decedent was protected by insurance may be commenced or continued against the decedent's estate *without the need to join as a party the decedent's personal representative or successor in interest*." Cal. Prob. Code § 550(a) (emphasis added). The damages sought in such an action must be within the limits and coverage of the insurance, or recovery of damages outside the limits or coverage shall be waived. Cal. Prob. Code § 554(a). An action under § 550 shall name as the defendant "Estate of (name of decedent), Deceased." Cal. Prob. Code § 552. Importantly, the section instructs that the summons shall be served on a person designated in writing by the insurer, or, if none, on the insurer. *Id.*

Plaintiffs' service on Teresa Harper is improper under both provisions. First, Plaintiffs do not claim that Teresa Harper is a personal representative of Bob Harper's estate, nor do they point to any statute authorizing service on Bob Harper's successor in interest, so they have not effectuated service under California Code of Civil Procedure §§ 337.40-377.42. Second, the Probate Code is clear that actions under § 550 must be served on a person designated by the insurer or the insurer itself, which Teresa Harper is not. Thus, serving her fails to effectuate service under § 550. Plaintiffs correctly argue they may properly name the Estate of Bob Harper as a defendant, but this misses the point. At issue is who can be served on behalf of the Estate of Bob Harper under § 550, and the answer is unequivocally the insurer or a person designated by the insurer. *Cf. Meleski v. Estate of Albert Hotlen*, 29 Cal. App. 5th 616 (2018) ("[Plaintiff] brought

---

Section 7660, or a person who performs substantially the same function under the law of another jurisdiction governing the person's status. Cal. Prob. Code § 58.

[3] "[D]ecedent's successor in interest" means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action. Cal. Civ. Proc. Code § 377.11.

1  her action pursuant to Probate Code section 550 through 555, which allowed her to serve her
2  complaint on Allstate and recover damages from the Allstate policy. . . . Under this statutory
3  scheme, the estate must be named as the defendant, but service is on the insurance company.").

Plaintiffs argue the County "is tying Plaintiffs' hands" by not disclosing whether insurance coverage existed for Bob Harper, and for that reason, Plaintiffs proceeded to serve Teresa Harper. On November 14, 2023, the Court granted expedited discovery for Plaintiffs to determine whether the County's insurance policy will cover Bob Harper and his estate. ECF 147. Plaintiffs represent that through discovery, the County admitted Bob Harper was a County employee, that his alleged conduct was within the course and scope of his employment, and that the County is self-insured up to one million dollars. ECF 291 at 5. However, if Plaintiffs were unsatisfied with the discovery produced by the County, they could have availed themselves of the procedures available to resolve discovery disputes by moving to compel. As Plaintiffs have not pointed to any caselaw authorizing their deviation from the clear requirements of § 550, the Court finds they have not effectuated service under that provision.

In sum, because Teresa Harper has not been properly served under California Code of Civil Procedure §§ 337.40-377.42 or Probate Code § 550, the Court **GRANTS** Teresa Harper's motion to quash. While courts have discretion to decline to dismiss cases in which service was not proper, *Stevens v. Sec. Pac. Nat. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976), Plaintiffs have not asked for another opportunity to attempt to effectuate service, and the Court finds there is not good cause for allowing them to do so.

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Teresa Harper's motion to quash service and **GRANTS** the motion to dismiss.

**IT IS SO ORDERED.**

Dated: March 13, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

4