1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6                                  EUREKA DIVISION

7

8     MICHELLE K., et al.,                    Case No.  22-cv-01202-AMO   (RMI)

9              Plaintiffs,

10                                            **ORDER ON JOINT LETTER BRIEF**
        v.
11                                            Re: Dkt. No. 338
      COUNTY OF SONOMA, et al.,

12             Defendants.

13

14         Before the court is a joint letter brief filed "concerning the deposition of Dr. Virginia

15   Crossleysmith and whether the psychotherapist-patient privilege protects [Defendant] Gina

16   Centeno's communications with Dr. Crossleysmith."  (Dkt. 338, p. 1).  The court finds the matter

17   suitable for disposition without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and

18   Civil Local Rule 7-1(b).

19         Defendants seek to take the deposition of Dr. Crossleysmith, but Dr. Crossleysmith is

20   concerned that sitting for a deposition may violate her obligations under California's

21   psychotherapist-patient confidentiality requirements and subject her to prosecution.  The court

22   finds that the deposition should go forward on two bases.  First, Gina Centeno waived the

23   psychotherapist-patient privilege when she gave a letter of support authored by Dr. Crossleysmith

24   to third parties.  *See id*. at 7–8.  That letter details facts and circumstances surrounding Gina

25   Centeno's care of foster children, her mental status, her emotional status, the fact that she was

26   seeking therapy related to her foster children, diagnoses, and other topics.  *Id*.  By submitting this

27   letter to investigating agencies and personnel, Gina Centeno waived the psychotherapist-patient

28   privilege.  *See Jaffee v. Redmond*, 518 U.S. 1, 15 n.14 (1996) ("Like other testimonial privileges,

United States District Court
Northern District of California

United States District Court
Northern District of California

1    the patient may of course waive the protection.").

2         Second, the psychotherapist-patient privilege does not apply when the communication is

3    made in furtherance of a crime, fraud, or tort.  *See United States v. Zolin*, 491 U.S. 554, 563

4    (1989).  As stated, the letter was submitted in support of Gina Centeno to government agencies

5    which were investigating her for abuse of foster children in her care.  Gina Centeno has since been

6    convicted of harassing and abusing those children and is now incarcerated.  *See* Dkt. 1, p. 3.

7    Because the communications with Dr. Crossleysmith were made in furtherance of these crimes,

8    the court finds that the privilege does not apply.

9         Accordingly, the court finds that the psychotherapist-patient privilege between Gina

10   Centeno and Dr. Crossleysmith has been waived and, in any case, does not apply because the

11   communications were made in furtherance of a crime.  Dr. Crossleysmith is hereby ORDERED to

12   appear for her deposition.

13        **IT IS SO ORDERED.**

14   Dated: May 27, 2025

15

16

17   _____
     ROBERT M. ILLMAN
     United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28