UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE K., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, et al.,<br><br>    Defendants. | Case No. 22-cv-01202-AMO<br><br>**ORDER RE MOTIONS TO DISMISS FOURTH AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 270, 271 |

Before the Court are the motions to dismiss of Defendants Sonoma County and individual Sonoma County social workers (ECF 270) and Defendant Amy Lafferty (ECF 271). The motions are fully briefed, and because they were suitable for decision without oral argument, the Court vacated the hearing set for May 20, 2025. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-6. This Order assumes familiarity with the facts and procedural history of this case. Having carefully considered the parties' papers and the arguments made therein, as well as the relevant legal authority, the Court **GRANTS** Sonoma County's motion and **GRANTS IN PART AND DENIES IN PART** Lafferty's motion for the following reasons.

**I.    DISCUSSION**

Plaintiffs Michelle K., P.K., and Kristin K. filed the operative fourth amended complaint ("FAC") on October 31, 2024. ECF 255. The FAC brings 13 causes of action related to the alleged abuse Plaintiffs suffered at the hands of their adoptive parents, Jose and Gina Centeno ("the Centenos"), and names as defendants Sonoma County and eleven Sonoma County social

//

//

//

1  workers ("County Social Workers"),[1] the Centenos, TLC Child & Family Services, and Amy
2  Lafferty, the adoption services representative of the State of California in charge of P.C. and
3  M.C.'s adoption.
4        On December 6, 2024, Sonoma County and the County Social Workers (together, "County
5  Defendants") filed a motion to dismiss the FAC for failure to state a claim, ECF 270, as did
6  Lafferty, ECF 271.  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may
7  be dismissed for failure to state a claim for which relief may be granted.  Fed. R. Civ. P. 12(b)(6).
8  Rule 12(b)(6) requires dismissal when a complaint lacks either a "cognizable legal theory" or
9  "sufficient facts alleged" under such a theory.  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201,
10 1208 (9th Cir. 2019) (citation omitted).  Whether a complaint contains sufficient factual
11 allegations depends on whether it pleads enough facts to "state a claim to relief that is plausible on
12 its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550
13 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows
14 the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
15 *Id.* at 678.
16       When evaluating a motion to dismiss, the court "accept[s] factual allegations in the
17 complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving
18 party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008)
19 (citation omitted).  However, "allegations in a complaint . . . may not simply recite the elements of
20 a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice
21 and to enable the opposing party to defend itself effectively." *Levitt v. Yelp! Inc*., 765 F.3d 1123,
22 1135 (9th Cir. 2014) (citations omitted).  The Court may dismiss a claim "where there is either a
23 lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal
24 claim." *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011).  Courts should "freely

---

[1] The County Social Workers include Josephine McCay, Frederick Jones, Monisha Sashital, Linda Morrissey, Leslie Winters, Janet Taylor, De La Cruz, Andrea Kroeze, Deborah Gilday, D. Romero, and the Estate of Bob Harper.  TLC Child & Family Services was dismissed as a Defendant on December 19, 2024.  ECF 278.  The claims against Bob Harper were dismissed on March 13, 2025.  ECF 317.

United States District Court
Northern District of California

give leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).

The Court begins its assessment with the County Defendants' motion to dismiss before turning to Amy Lafferty's.

### A.     County Defendants' Motion to Dismiss

County Defendants move to dismiss certain claims asserted against them, including Michelle K. and P.K.'s claim brought under 42 U.S.C. § 1983 against the County Social Workers for providing false information to a court (Count 3), Kristin K.'s breach of mandatory duty claim (Count 12), and Kristin K.'s negligent infliction of emotional distress claim (Count 13).  ECF 270 ("County Mot.").  Each claim is discussed in turn below.

#### 1.     Michelle K. and P.K.'s Judicial Deception Claim

Michelle K. and P.K. bring claims against the County Social Workers under the substantive due process clause of the Fourteenth Amendment, which "protects a foster child's liberty interest in social worker supervision and protection from harm inflicted by a foster parent." *Tamas v. Dep't of Soc. & Health Servs.*, 630 F.3d 833, 842 (9th Cir. 2010).  County Defendants challenge Count 3, which asserts a claim against the County Social Workers for interfering with Plaintiffs' proper placement by providing false information to a court, in violation of Plaintiffs' Fourteenth Amendment rights.  FAC ¶ 101.  "An individual has a well-established constitutional right to be free from deception in the presentation of evidence during juvenile dependency proceedings."  *Rieman v. Vazquez*, 96 F.4th 1085, 1093 (9th Cir. 2024) (citing *Greene v. Camreta*, 588 F.3d 1011, 1034-35 (9th Cir. 2009)).  "To support a § 1983 claim that a social worker engaged in judicial deception, a plaintiff must show '(1) a misrepresentation or omission (2) made deliberately or with a reckless disregard for the truth, that was (3) material to the judicial decision.' " *Id.* at 1093-94 (citing *Scanlon v. Cnty. of Los Angeles*, 92 F.4th 781, 799 (9th Cir. 2024)).  A misrepresentation or omission is "material" where a court "would have declined to issue the order had [the defendant] been truthful."  *Greene*, 588 F.3d at 1035.  Such claims must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that the claim be stated "with particularity," i.e., it must allege "the who, what, when, where, and how" of the judicial deception.  *See Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1145 (9th Cir.

3

2021).

The Court previously dismissed this claim with leave to amend, finding Plaintiffs had not identified the substance of the purportedly false information, in which court Defendants presented false information, or how the information was known to be wrong by Defendants at the time they provided it to the court. Order (ECF 242) at 11. In the FAC, Plaintiffs added allegations that the "knowingly wrongful and false information" Defendants provided to the court was provided via "the Adoption Reports submitted to the [c]ourt in connection with the adoption of Michelle K. and P.K., and in connection with the subsequent adoption of P.C. and M.C.," and that "[s]uch information includes, but is not limited to, statements that the Centenos were providing a stable, secure and nurturing environment to the children." FAC ¶ 101. County Defendants argue that, while marginally more specific than the allegations in the third amended complaint, the allegations in the FAC remain insufficient to state a claim for presenting false information, as Plaintiffs have not specifically alleged how or when each of the social workers provided the allegedly false information. County Mot. at 9. Further, County Defendants argue the FAC lacks factual allegations establishing the social workers knew that the information was false at the time or how they learned it was false. *Id.*

The Court agrees. While the FAC is an improvement from the lone conclusory allegation in the third amended complaint, it still falls short of what Rule 9(b) requires. Plaintiffs must allege facts that sufficiently "put the County [Defendants] on notice of the timing, subject of, and parties to the alleged misrepresentation . . . to prepare a defense." *Benavidez*, 993 F.3d at 1149. The *Benavidez* plaintiffs, for example, provided such notice by naming the two particular social workers who presented a detention report to the juvenile court, identifying the report's specific omissions (that the plaintiffs' parents had not been notified of the children's medical examinations), and providing a three-day range of dates in which defendants would have provided the information to the court. *Id.* Here, in contrast, Plaintiffs do not allege which of the seven individually-named County Social Workers prepared and submitted the reports or what misrepresentations or omissions the reports made. *See, e.g.*, FAC ¶ 53 (alleging Defendants did not document or report concerns "to the Court in the course of the adoption proceedings of P.C.

4

1  and M.C., despite the legal requirement to do so, and in order to deceive the Juvenile Court").
2  Moreover, the Court is unable to discern whether the responsible Defendants knew or should have
3  known their representations in the reports were false at the time that they made those
4  representations. Plaintiffs need not allege "a precise time frame," *United States v. United*
5  *Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (quoting *Cooper v. Pickett*, 137 F.3d
6  616, 627 (9th Cir. 1997)), but they provide no guidance other than noting the omissions were "in
7  the course of the adoption proceedings," FAC ¶ 53. This falls short of the particularity required.
8        The lack of specificity is further problematic because the Court cannot discern materiality.
9  To be sure, it is not difficult to imagine that misrepresentations about a child's safety would be
10 material to a juvenile court's assessment of an adoption, but Plaintiffs have not adequately pleaded
11 which particular misrepresentations were made about the Centenos' treatment of Plaintiffs or that
12 the juvenile court relied on those misrepresentations in approving the adoption. *See Castaneda v.*
13 *Cnty. of San Bernardino*, No. 5:23-CV-02246-MRA-JDE, 2024 WL 4224000, at *7 (C.D. Cal.
14 Apr. 10, 2024) (finding judicial deception claim insufficient where plaintiffs "refer[red] to [the]
15 reports only generically, without identifying the context in which these reports were submitted or
16 providing sufficient information from which the Court can reasonably infer that the juvenile court
17 relied on misrepresentations in the report in reaching a judicial determination"). Thus, the Court
18 **GRANTS** the motion to dismiss Count 3. Because Plaintiffs may be able to state a claim if they
19 add allegations regarding the purported judicial deception, the Court cannot conclude amendment
20 would be futile, and therefore grants the motion with leave to amend. *See Barahona v. Union Pac.*
21 *R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) ("[L]eave to amend should be denied as futile 'only
22 if no set of facts can be proved under the amendment to the pleadings that would constitute a valid
23 and sufficient claim or defense.' ").

24       **2.    Kristin K.'s Breach of Mandatory Duty Claim (Count 12)**
25       Next, County Defendants move to dismiss Kristin K.'s breach of mandatory duty claim.
26 Kristin K. alleges County Defendants breached a mandatory duty owed to her by violating 42
27 U.S.C. § 671(a)(31) and Welfare and Institutions Code § 16002. Kristin K. had not previously
28 asserted a breach of mandatory duty claim, and in its Order, the Court did not authorize Plaintiffs

1   to add a new claim, but rather permitted Plaintiffs to amend their allegations to bolster the claims
2   that the Court dismissed. *See* ECF 242. Plaintiffs' introduction of this claim absent Defendants'
3   consent or leave of court therefore falls outside the permission granted and violates Federal Rule
4   of Civil Procedure 15(a)(2). *See DeLeon v. Wells Fargo Bank*, No. 10-CV-01390-LHK, 2010 WL
5   4285006, at *3 (N.D. Cal. Oct. 22, 2010) ("[W]here leave to amend is given to cure deficiencies in
6   certain specified claims, courts have agreed that new claims alleged for the first time in the
7   amended pleading should be dismissed or stricken."). County Defendants' motion to dismiss
8   Count 12 is thus **GRANTED**.

### 3. Kristin K.'s NIED Claim (Count 13)

County Defendants move to dismiss Kristin K.'s negligent infliction of emotional distress ("NIED") claim against them. County Mot. at 14-18. Plaintiffs allege Kristin K. was "emotionally traumatized" from witnessing the continued negative impacts of Defendants' failure to protect her siblings, Michelle K. and P.K., from the Centenos' abuse. FAC ¶¶ 159-177. County Defendants argue they are protected from this claim by state immunities. Under California law, social workers are absolutely immune under California Government Code §§ 820.2 and 821.6 for discretionary decisions relating to the investigation of child abuse. *Jacqueline T. v. Alameda Cnty. Child Protective Servs.*, 155 Cal. App. 4th 456, 466 (2007), *as modified* (Oct. 4, 2007) (collecting cases); *see also Alicia T. v. Cnty. of Los Angeles*, 222 Cal. App. 3d 869, 881 (1990), *modified* (Aug. 16, 1990) (holding that "social workers must be absolutely immune from suits alleging the improper investigation of child abuse"). Only when social workers are alleged to have acted with malice in committing perjury, fabricating evidence, failing to disclose known exculpatory evidence, or obtaining testimony by duress, fraud, or undue influence does this immunity not apply. Cal. Gov. Code § 820.21(a). "Malice" is defined as "conduct that is intended . . . to cause injury to the plaintiff or despicable conduct that is carried out . . . with a willful and conscious disregard of the rights or safety of others." Cal. Gov. Code § 820.21(b).

The Court previously found that Plaintiffs' allegations regarding County Defendants' failure to properly investigate the allegations of child abuse fell squarely within the Government Code immunities, and thus dismissed Kristin K.'s NIED claim with leave to amend. Order at 21.

The Court reaches the same conclusion here. Kristin K.'s claim remains premised on Defendants' allegedly inadequate investigation of child abuse, *see* FAC ¶ 169 ("Defendants . . . had a duty to immediately investigate a potential claim for child abuse or neglect . . . ."), and the FAC still does not allege with specificity that County Defendants' conduct was carried out with malice. Because Plaintiffs failed to remedy the deficiencies identified by the Court, the motion to dismiss Kristin K.'s NIED claim is **GRANTED** without leave to amend.

### A. Amy Lafferty's Motion to Dismiss

Amy Lafferty moves to dismiss Plaintiffs' claims against her on the basis that she is entitled to statutory immunity and because Plaintiffs have failed to state a claim. ECF 271 ("Lafferty Mot."). Lafferty's arguments are discussed in the order presented in her motion.

#### 1. Fourteenth Amendment Claims

Plaintiffs assert three causes of action against Lafferty under 42 U.S.C. §§ 1983 and 1985 related to her failure to adequately respond to or investigate reports of abuse and for providing false information to a court. Lafferty moves to dismiss each of these causes of action for failure to state a claim. Lafferty Mot. at 9-13.

##### a. Section 1983

First, Lafferty moves to dismiss Plaintiffs' Section 1983 claim in Count 1 based on Lafferty's failure to follow up on reports of the Centenos' abuse of Michelle K., P.K., and Kaya K. Lafferty Mot. at 11-12. The Court previously denied Lafferty's motion to dismiss this claim because Plaintiffs sufficiently alleged there was an objectively substantial risk of harm, that Lafferty was subjectively aware of facts from which an inference could be drawn of the risk of serious harm, and that a reasonable officer would have been compelled to draw that inference. Order at 25. Lafferty again argues Plaintiffs' claims are conclusory and fail to meet the "high legal standard" of deliberate indifference, Lafferty Mot. at 11, but she fails to show why the Court should depart from its previous ruling. Thus, Lafferty's motion to dismiss Count 1 is **DENIED**.

Next, Lafferty moves to dismiss Plaintiffs' state-created danger claim (Count 2). Lafferty Mot. at 12. The Court previously dismissed this claim without leave to amend. Order at 25. Accordingly, Plaintiffs' inclusion of this claim in the FAC is improper and their request in their

1  opposition for the Court to reconsider its previous ruling dismissing the claim is misplaced and
2  procedurally improper.  *See* Civ. L.R. 7-9(a).  Thus, the Court **GRANTS** Lafferty's motion to
3  dismiss Count 2.
4        Finally, Lafferty moves to dismiss Plaintiffs' Section 1983 claim based on interference
5  with proper placement by providing false information to a court.  Lafferty Mot. at 12-13.  For the
6  reasons discussed in Section I(A)(1) above, the Court **GRANTS** Lafferty's motion to dismiss this
7  claim.  As Plaintiffs may be able to allege additional facts sufficient to support a judicial deception
8  claim, dismissal is with leave to amend, but because Lafferty oversaw the adoptions of nonparties
9  P.C. and M.C., and not those of Michelle K. or P.K., the Court is skeptical that amendment could
10 cure the FAC's defects as to this claim.

         **b.**      **Section 1985**

12       Lafferty also moves to dismiss the Section 1985 claims because Plaintiffs fail to allege any
13 facts showing conspiracy.  Lafferty Mot. at 13-14.  "To state a cause of action under § 1985, a
14 complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal
15 protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of
16 the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a
17 deprivation of any right or privilege of a citizen of the United States."  *Gillespie v. Civiletti*, 629
18 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971)).  "A
19 mere allegation of conspiracy without factual specificity is insufficient."  *Karim-Panahi v. Los*
20 *Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).  To satisfy the first element, "the parties
21 to have conspired must have reached a unity of purpose or common design and understanding, or a
22 meeting of the minds in an unlawful arrangement."  *Gilbrook v. City of Westminister*, 177 F.3d
23 839, 856 (9th Cir. 1999).
24       The Court previously dismissed the Section 1985 claims against Lafferty with leave to
25 amend because the third amended complaint lacked any factual allegations that Lafferty engaged
26 in a conspiracy and solely stated legal conclusions.  Order at 26.  The FAC adds allegations
27 regarding conspiracy, but they are similarly conclusory.  *See, e.g.*, FAC ¶ 28 (Lafferty and other
28 Defendants "conspired to ignore the[] known inadequacies [of the Centeno household] and agreed

to place Plaintiff P.K. and Michelle K." there nonetheless). In the Ninth Circuit, a claim under Section 1985 must plead specific facts supporting the allegation that defendants conspired together, and Plaintiffs' allegations do not meet that bar. *Karim-Panahi*, 839 F.2d at 626. Viewing the allegations in the FAC in the light most favorable to Plaintiffs, the Court finds it "contains legal conclusions but no specification of any facts to support the claim of conspiracy," *id.*, and therefore **GRANTS** Lafferty's motion to dismiss the Section 1985 claims. Because Plaintiffs may be able to allege additional facts sufficient to support a claim for conspiracy, the Court grants leave to amend.

### 2. Breach of Mandatory Duty

Plaintiffs allege Lafferty breached a mandatory duty imposed by California Adoption Program Regulations §§ 35177, 35181, and 35183 by failing to conduct certain interviews during the adoption process. Those regulations provide for discretion in assessing the adoptive applicant but require the agency to conduct face-to-face interviews with adoptive applicants and individuals residing in the household. Lafferty moves to dismiss Plaintiffs' breach of mandatory duty claims. Lafferty Mot. at 14-15. The Court previously found Plaintiffs sufficiently alleged Lafferty breached her mandatory duty to conduct face-to-face interviews of all adoptive applicants. *See* Order at 26-27.

In this round of briefing, Lafferty does not challenge the sufficiency of Plaintiffs' allegations, but rather argues for the first time that she is entitled to immunity under Government Code § 821.6, which provides that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." However, the Ninth Circuit has held "that section 821.6 only provides immunity in suits for malicious prosecution." *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016). As Plaintiffs do not assert a claim of malicious prosecution, Lafferty is not immune from Plaintiffs' breach of mandatory duty claim.

Lafferty further argues that the Adoption Regulations mandate agency action, and thus do not apply to her as an individual. Lafferty Mot. at 15. Lafferty cites no authority, and in any event, this objection is barred by Federal Rule of Civil Procedure 12(g)(2) as Lafferty did not raise

1   it in her motion to dismiss the third amended complaint.  Thus, the Court **DENIES** Lafferty's
2   motion to dismiss Count 5.

3   **II.     CONCLUSION**

4   For the foregoing reasons, the Court grants the County Defendants' motion and grants in
5   part and denies in part Lafferty's motion.

6   As to the County Defendants, the Court **GRANTS** the motion to dismiss the Section 1983
7   claim in Count 3 with leave to amend.  The Court **GRANTS** the County's motion to dismiss
8   Counts 12 and 13 without leave to amend.

9   As to Lafferty, the Court **GRANTS** the motion to dismiss the Section 1983 claim in Count
10  2 without leave to amend.  The Court **GRANTS** the Section 1983 claim in Count 3 and the
11  Section 1985 claims in Counts 1, 2, and 3 with leave to amend.  The Court **DENIES** the motion to
12  dismiss Count 5 and the Section 1983 claim in Count 1.

13  Any amended complaint is due by **July 9, 2025**.  Leave to amend is granted solely to cure
14  the defects identified in this Order.  No parties or claims may be added without leave of Court or
15  stipulation of Defendants.  Plaintiffs are cautioned that failure to remedy the defects identified in
16  this Order will result in dismissal of the claims without leave to amend.  Moreover, the parties are
17  cautioned that relitigating matters already resolved by the Court, unless explicitly allowed by the
18  Federal Rules or leave of court, will result in sanctions.

19  If Plaintiffs elect not to file an amended complaint, they shall file a notice of intent to stand
20  on the fourth amended complaint no later than **July 9, 2025**.

22  **IT IS SO ORDERED.**

23  Dated: June 16, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**