UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE K., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, et al.,<br><br>    Defendants. | Case No. 22-cv-01202-AMO<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 365 |

Before the Court is Plaintiffs Michelle K. and P.K.'s motion for leave to file a motion for reconsideration of the Court's dismissal of the state-created danger claim against Defendant Amy Lafferty. ECF 365. For the reasons discussed below, the Court **DENIES** the motion.

On September 27, 2024, the Court dismissed the state-created danger claim against Lafferty without leave to amend on the basis that Plaintiffs failed to contest Lafferty's argument that the allegations were insufficient to support the claim. ECF 242 at 25. Plaintiffs replead a state-created danger claim against Lafferty in their fourth amended complaint. ECF 255 at 27-28. In resolving the motions to dismiss Plaintiffs' fourth amended complaint, the Court noted Plaintiffs' inclusion of the claim and their request in their opposition brief that the Court reconsider its previous ruling dismissing the claim were procedurally improper. ECF 346 at 7-8. On June 30, 2025, Plaintiffs filed a motion for reconsideration, ECF 342, which the Court denied for failure to seek leave to file a motion for reconsideration as required by Civil Local Rule 7-9(a). On July 30, 2025, Plaintiffs filed the instant motion for leave to file a motion for reconsideration. ECF 365.

Plaintiffs have not shown reasonable diligence in bringing the motion, as required by Civil Local Rule 7-9. " 'Reasonable diligence' in bringing a motion for leave to file a motion for

reconsideration requires the party seeking reconsideration to bring its motion expeditiously." *Malcolm Drilling Co., Inc. v. Davey Kent, Inc.*, No. 19-CV-06974-SK, 2021 WL 6199635, at *1 (N.D. Cal. Mar. 26, 2021) (collecting cases). Courts in this District have found reasonable diligence lacking where a party failed to move for leave to file until a month or longer after the order for which reconsideration was sought. *See, e.g.*, *Regents of Univ. of Calif. v. Fed. Emergency Mgmt. Agency*, No. 17-CV-03461-LB, 2018 WL 10705313, at *1 (N.D. Cal. Apr. 10, 2018) ("The [moving party] has not shown that it exercised reasonable diligence in bringing this motion, which it did not file until two months after the court entered its original order."); *Largan Precision Co, Ltd v. Genius Elec. Optical Co.*, No. 13-CV-02502-JD, 2015 WL 2063988, at *2 (N.D. Cal. May 4, 2015), *aff'd sub nom. Largan Precision Co. v. Genius Elec. Optical Co.*, 646 F. App'x 946 (Fed. Cir. 2016) (finding waiting more than four weeks to file a motion for leave to file a motion for reconsideration was not reasonably diligent); *York v. Bank of America*, 2016 WL 7033956, at *1 (N.D. Cal. Dec. 2, 2016) (denying motion for leave to file where moving party offered no justification for waiting 35 days to file). Here, the Court dismissed the claim against Lafferty with prejudice on September 27, 2024, and a motion for leave to seek reconsideration by a reasonably diligent party would have followed shortly thereafter. Plaintiffs' earliest request was filed on June 30, 2025, nine months after the Court's dismissal of the claim. ECF 352. Plaintiffs contend that they were reasonably diligent in bringing the motion because "[a]fter this Court granted Defendant Lafferty's motion to dismiss the second claim for relief with respect to [the fourth amended complaint], Plaintiffs immediately asked for this court to reconsider that decision." ECF 365 at 2. Plaintiffs' account ignores that the Court dismissed the claim on September 27, 2024, and that their attempt to replead it does not comport with the "great weight of authority in this circuit indicat[ing] that it is both proper and desirable" to dismiss or strike realleged claims previously dismissed without leave to amend. *Stiles v. Wal-Mart Stores, Inc.*, No. 214CV02234MCECMK, 2018 WL 3093501, at *5 (E.D. Cal. June 20, 2018); *see also SC Innovations, Inc. v. Uber Techs., Inc.*, No. 18-CV-07440-JCS, 2020 WL 2097611, at *11 (N.D. Cal. May 1, 2020) (citing *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc)) (noting "repleading claims previously dismissed with prejudice causes confusion and inefficiency,

1  with no practical benefit" as the Ninth Circuit no longer requires a plaintiff to reallege claims to
2  preserve appellate rights).  Thus, Plaintiffs have not justified their delay to warrant deviation from
3  the general principle that "a motion for reconsideration is an 'extraordinary remedy, to be used
4  sparingly in the interests of finality and conservation of judicial resources.' " *Circle Click Media*
5  *LLC v. Regus Mgmt. Grp. LLC*, No. 12-CV-04000-EMC, 2015 WL 8477293, at *2 (N.D. Cal.
6  Dec. 10, 2015) (quoting *Kona Enters. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000)).
7  Accordingly, Plaintiffs have not met the requirements of Local Rule 7-9, and the motion is
8  therefore **DENIED**.  *See Regents of Univ. of California*, 2018 WL 10705313, at *1.

**IT IS SO ORDERED.**

Dated: August 11, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**